WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jorge Alejandro Rojas,

Plaintiff,

v.

Federal Aviation Administration, et al.,

Defendants.

No. CV-16-03067-PHX-GMS

**ORDER**

Pending before the court is Defendant Federal Aviation Administration's ("FAA") Motion for Summary Judgment. (Doc. 12). For the reasons below, the Court grants the motion in part and denies the motion in part.

**BACKGROUND**

Between August 2015 and February 2016, Plaintiff Jorge Rojas filed at least six Freedom of Information Act ("FOIA") requests with Defendant Federal Aviation Administration ("FAA"). As a general theme, the FOIA requests concern FAA's February 2014 policy change for hiring Air Traffic Control Specialists. The National Black Coalition of Federal Aviation Employees ("NBCFAE") lobbied for certain aspects of the new hiring policy. As part of this change, the FAA no longer formally preferred students participating in specified college programs under the Qualified Applicant Register. This policy change negatively impacted Mr. Rojas's application to work as an Air Traffic Controller.

Mr. Rojas filed a complaint in Federal Court seeking an order against the FAA to

produce the requested records. (Doc. 1). The FAA subsequently filed this Motion for Summary Judgment. (Doc. 12).

# DISCUSSION

## I. Legal Standard

### A. Summary Judgment

The Court grants summary judgment when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden to show that there are no genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In the FOIA context, courts review an agency's decision whether or not to disclose *de novo*. 5 U.S.C. § 552(a)(4)(B); s*ee also Louis v. United States Dep't of Labor*, 419 F.3d 970, 977 (9th Cir. 2005) (de novo review "requir[es] no deference to the agency's determination or rationale regarding disclosures"). However, courts "accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility . . . and reproducibility." 5 U.S.C. § 552(a)(4)(B). If the FOIA dispute presents a genuine issue of material fact, courts proceed to a bench trial or adversary hearing. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016).

### B. FOIA Review

Upon proper request, federal agencies must disclose records to a member of the public. 5 U.S.C. § 552. Nine categories of records are exempt from disclosure. 5 U.S.C. § 552(b). The government has the burden of demonstrating that an exemption applies. *Shannahan v. I.R.S.*, 672 F.3d 1142, 1148 (9th Cir. 2012) (citing *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009)). When responding to a FOIA request, the government must provide "tailored reasons" to justify withholding, and "may not respond

with boilerplate or conclusory statements." *Shannahan*, 672 F.3d at 1148 (citing *Wiener v. F.B.I.*, 943 F.2d 972, 978–79 (9th Cir. 1991)).

At issue in this case are Exemptions 6, 7(A), 7(C), and Glomar.

### 1. Exemption 6

FOIA does not require federal agencies to disclose personnel files when disclosing them would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). Courts first evaluate whether disclosure implicates a privacy interest that is nontrivial or more than de minimis. *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 693 (9th Cir. 2012). Then, if the privacy interest in nontrivial, the court balances the public interest against the privacy interest. Courts weigh these interests with a strong presumption in favor of disclosure. *Id.* (citations omitted).

Case law gives several definitions of nontrivial privacy interests. A nontrivial disclosure is an impermissible public intrusion that violates the common law or cultural traditions. *Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 638 (9th Cir. 2017) (citations omitted). A nontrivial disclosure impacts people's control of information about themselves. *Id.* (citations omitted). A nontrivial disclosure subjects individuals to possible embarrassment, harassment, or the risk of mistreatment. *Id.* (citations omitted).

Public interest must be "more specific than having the information for its own sake." *Yonemoto*, 686 F.3d at 694 (quotation omitted). Public interest should show an agency's performance of its statutory duties or informs citizens about actual government operations. *Id.* at 693 (citations omitted). Personnel information that "reveals little or nothing about an agency's own conduct is not the type of information to which FOIA permits access." *Cameranesi*, 856 F.3d at 640 (quotation omitted). Courts do not consider the FOIA requester's personal interest to obtain the information because Congress intended any member of the public to have an equal right to disclosure. *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 496 (1994).

### 2. Exemption 7(A)

FOIA does not require federal agencies to disclose records compiled for law

enforcement purposes that "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Government agencies commonly cite 7(A) when a defendant seeks documents to assist with its own case or as a substitute to civil discovery. *See, e.g. Shannahan v. I.R.S.*, 672 F.3d 1142, 1151 (9th Cir. 2012). Although the government need not show that each withheld document would actually interfere with a particular enforcement proceeding, the government must generally show that disclosure would interfere with enforcement proceedings. *Shannahan*, 672 F.3d at 1150 (quoting *Lewis v. I.R.S.*, 823 F.2d 375, 380 (9th Cir. 1987)).

### 3. Exemption 7(C)

FOIA does not require federal agencies to disclose records compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(7)(C). Like Exemption 6, this exemption considers personal privacy, and consequently, the analysis has the same steps as the analysis under Exemption 6. *Tuffly v. U.S. Dep't of Homeland Security*, 870 F.3d 1086, 1092 (9th Cir. 2017) (citation omitted). In comparison to Exemption 6, Exemption 7(C) is "more protective of privacy," and the only distinction between them is the "magnitude of the public interest" required to outbalance the respective privacy interest. *Forest Service Employees for Environment Ethics v. U.S. Forest Service*, 524 F.3d 1021, 1025 n.2 (9th Cir. 2008) (quoting *U.S. Dep't of Def. v. Federal Labor Relations Authority*, 510 U.S. 487, 497 n. 6 (1994)).

### 4. *Glomar*

Under the *Glomar*[1] doctrine, a federal agency may refuse to confirm or deny the existence of records when simply responding to the FOIA request would cause harm otherwise recognized by a FOIA exception. *Pickard v. Dep't of Justice*, 653 F.3d 782, 785–86 (9th Cir. 2011) (citations omitted).

---

[1] The term "*Glomar*" comes from the case *Phillippi v. CIA*, 546 F.2d 1009, 1011 (D.C. Cir. 1976) where the CIA refused to confirm or deny its connection to the ship *Hughes Glomar Explorer* and its mission to reclaim a sunken Soviet submarine.

## II. Analysis

The parties dispute six separate FOIA requests, which the Court analyzes in four separate groupings.

### A. Request 8952

Request 8952 asked for a list of all Equal Employment Opportunity ("EEO") cases and any relevant policy, emails, documents, chats, etc., over a period of time in 2014 and 2015 to identify whether NBCFAE employees handled the complaints. (Doc. 13-1, Exh. 1, Att. A). Mr. Rojas specifically requested a spreadsheet of the filed cases with a brief description and the EEO counselor assigned to the case. *Id.* The FAA provided Mr. Rojas with a description of its search; a spreadsheet listing all EEO cases, the claim type, and the assigned EEO counselor; and pages of emails with numerous redactions, including the subject of the email, attachments in the email, carbon copied email addresses, case numbers, and the subject of the complaint. The FAA argued that Exemption 6 required these redactions because the information could reveal the identity of individuals in the complaints.

The FAA adequately responded to Mr. Rojas request for a spreadsheet listing all filed cases, a brief description, and the assigned EEO counselor. The information provided in the spreadsheet conforms with the specifications of Mr. Rojas's request. The FAA attested in a letter to Mr. Rojas that it conducted a complete search for records, (Doc. 13-1, Exh. 1, Att. C), and Ms. Stacie Graves, an FAA employee, signed a declaration describing the search process, (Doc. 13-1, Exh. 2, ¶ 12). Concerning the spreadsheet in Request 8952, the FAA complied with FOIA.

However, the FAA failed to comply with FOIA when it redacted the requested emails. The disclosure of subject lines, case numbers, and attachment titles will not likely allow Mr. Rojas or any other observer to identify individual claimants. The FAA has not met its burden of demonstrating that an exemption applies. Additionally, any potential privacy interest in the redacted portions is trivial at best, and as such, the Court does not address the public interest in obtaining this information. The FAA's Motion

for Summary Judgment concerning the requested documents in Request 8952 is denied.[2]

**B.  Request 9570**

Request 9570 included four separate requests for documents. The first subsection requested documents, reports, emails, etc., concerning the FAA's Office of Security and Hazardous Materials Safety ("ASH") inquiry into cheating under the new hiring practices. The FAA forwarded the request to ASH, and ASH discovered one Report of Investigation that addressed Mr. Rojas's request. The FAA disclosed part of the Report of Investigation, but withheld other sections due to privacy concerns. The second subsection requested all information concerning inquiries into cheating allegations raised against Shelton Snow or other misconduct. The FAA withheld all material as a violation of privacy under Exemption 6. The third subsection requested a "complete 'Avery' listing/record and any other similar listing" concerning a letter from FAA Administrator Michael Huerta to Congressman Frank LoBiondo. The FAA stated that it could not provide documents because the appropriate office did not use the Avery tracking system. The fourth subsection requested documents used in preparation of Michael Huerta's letter to Congressman LoBiondo. The FAA again withheld all materials as a violation of privacy.

The FAA failed to meet its burden concerning the first subsection. As noted, the government has the burden of demonstrating that an exemption applies, and the government "may not respond with boilerplate or conclusory statements." *Shannahan*, 672 F.3d at 1148. The government's blanket assertion that privacy interests precluded

---

[2] After the FAA filed its motion for summary judgment, it disclosed various additional materials to the Plaintiff and then argued in its Reply that it was appropriate for the Court to take account of the new materials in granting its motion. (Doc. 25). Of course, when the FAA asserts complete compliance with its FOIA obligations in a motion for summary judgment, it should have provided to the Plaintiff all documents on which it intends to base that motion before filing it. A piecemeal approach to document production only invites repeated supplemental motions and violates the well settled rule that the Court does not consider new arguments raised for the first time in a Reply brief since the Plaintiff cannot respond to such arguments. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). While Defendants' supplemental productions may in fact satisfy the FAA's obligations under FOIA, the Court makes no attempt to make that determination in deciding this motion, except to the extent that the FAA's obligations were fulfilled at the time it filed its initial motion.

the full disclosure of the Report of Investigation is inadequate for the government to meet its burden for summary judgment.

The FAA failed to comply with FOIA concerning the second subsection. The government claims that it withheld all responsive documents because Mr. Snow has a cognizable privacy interest that warrants nondisclosure of cheating allegations. However, the public has an interest in knowing information about hiring officials who unfairly support specific job applicants, especially for positions that maintain public safety. Considering these two competing interests in light of the strong presumption in favor of disclosure, *Yonemoto*, 686 F.3d at 693, the government's response to Mr. Rojas's request failed to meet its burden for summary judgment.

The FAA failed to comply with FOIA concerning the third subsection. The original request asked for the tracking record of a letter from the FAA to a congressional representative. The FAA stated that it did not comply with this request because the FAA does not use the Avery program. However, Mr. Rojas did not limit the request to the Avery electronic program, but he also requested any similar listing of a tracking record. The FAA failed to provide any further response for denying the request. Accordingly, the FAA did not meet its burden concerning this section.

The FAA failed to comply with FOIA concerning the fourth subsection. Notwithstanding the potential public interest in a government agency's review of unfair hiring practices, the government did not sufficiently show that it could not disclose any information without violating privacy interests. The government claims that privacy interests compel nondisclosure, but the government did not explain why it withheld all documents, and it did not show that redactions could adequately protect any privacy interests. Therefore, the government did not meet its burden that a FOIA exemption warranted nondisclosure. In whole, the FAA's Motion for Summary Judgment concerning Request 9570 is denied.

**C. Requests 2133, 3419, 2612**

Request 2133 asked for accountability board complaints against FAA Air Traffic

Organization Vice President Joseph Teixeira. The FAA refused to confirm or deny the existence of any relevant information. Request 2612 asked for EEO complaints against Joseph Teixeira. Again, the FAA refused to confirm or deny the existence of any responsive information. Request 3419 asked for accountability board complaints against FAA employees and NBCFAE officials Shelton Snow and Paquita Bradley. Again, the FAA refused to confirm or deny the existence of any relevant information.

Government employees have a privacy interest "in any file that reports on an investigation that could lead to the employee's discipline or censure." *Hunt v. F.B.I.*, 972 F.2d 286, 288 (9th Cir. 1992) (citing *Dep't of Air Force v. Rose*, 425 U.S. 352, 376–77 (1976)). A FOIA request that asks for disciplinary files of a large group of people allows for permissible redaction to protect individual privacy interests. However, when the FOIA request targets a specific individual, "[t]he file cannot be redacted and disclosed without the risk of subjecting [the individual] to undeserved embarrassment and attention." *Hunt v. F.B.I.*, 972 F.2d at 289. Similarly, when a FOIA request targets misconduct by specific individuals, the files are less likely to inform the public about actual government operations, or how the agency performs its statutory duties. *See Hunt v. F.B.I.*, 972 F.2d at 289–90.

The government justifiably responded to requests 2133, 3419, and 2612 with a *Glomar* response. The accountability board handles allegations of misconduct concerning sexual harassment and discrimination. Therefore, accountability board complaints and EEO complaints could lead to the employee's discipline or censure, and disclosing the existence of an accountability or EEO complaint would cause embarrassment. Because Mr. Rojas asked for information about specific government employees, any redactions would not protect the privacy interests of the named employees. Lastly, it is not clear how such a disclosure of specific instances of sexual harassment or discrimination would shed significant light on FAA hiring policies or practices. For these reasons, the FAA's *Glomar* responses for Requests 2133, 3419, and 2612 were appropriate.

### D. Request 4019

Request 4019 asked for information concerning Daniel Maggard's (an FAA digital media analyst) attempts to obtain Shelton Snow's emails and correspondence. The FAA cited Exemptions 6 and 7(A) in its response that it could not provide documents because the requested records are subject to a current, internal investigation.

Again, the government has the burden of demonstrating that an exemption applies. *Shannahan*, 672 F.3d at 1148. In its original response, the FAA denied the request with a simple explanation that Exemptions 6 and 7 precluded disclosure. (Doc. 13-2 at 101). In its Motion for Summary Judgment, the FAA cursorily stated that Exemption 6 protects the privacy interests of individuals in the email.

The FAA's perfunctory response is inadequate, and the FAA fails to meet its burden to show that an exemption applies. The Court denies the FAA's Motion for Summary Judgment concerning Request 4019.

### CONCLUSION

With a few noted exceptions, the FAA failed to carry its burden to show that FOIA exempted disclosure of Mr. Rojas's requested documents.

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (Doc. 12) is granted in part and denied in part as follows:

1. concerning Request 8952, the Court **grants** Defendant's Motion for Summary Judgment concerning the requested spreadsheet, but the Court **denies** the Motion concerning the remainder of the Request;

2. concerning Request 9570, the Court **denies** Defendant's Motion for Summary Judgment;

3. concerning Request 2133, the Court **grants** Defendant's Motion for Summary Judgment;

4. concerning Request 3419, the Court **grants** Defendant's Motion for Summary Judgment;

5. concerning Request 2612, the Court **grants** Defendant's Motion for Summary Judgment; and

6. concerning Request 4019, the Court **denies** Defendant's Motion for Summary Judgment.

**IT IS FURTHER ORDERED** setting this matter for a Status Hearing on **January 5, 2018 at 9:30 a.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

Dated this 4th day of December, 2017.

_____
Honorable G. Murray Snow
United States District Judge