# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Alejandro Rojas, | No. CV-16-03067-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Aviation Administration, et al., | |
| Defendants. | |

Pending before the Court is Defendant Federal Aviation Administration's Motion to Stay Due to Federal Government Shutdown (Doc. 60).

Under Federal Rule of Civil Procedure 16(b), the schedule in this case "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party "was not diligent, the inquiry should end." *Id.*

The government's choice to partially shut itself down is simply not sufficient cause to justify modifying the established schedule and delaying the progress of this litigation. Presuming, as this Court does, that the government has the authority to shut itself down, at least temporarily, when the legislative and executive branches arrive at a budgetary impasse, under our present system of government such a lapse of appropriations does not justify avoidance or delay in the adjudication of the government's potential legal obligations to its citizens or others. Defendant's Motion does present good cause why its

counsel should be excused for not working during the shutdown—they have apparently been directed not to appear under threat of adverse personnel actions, *see* 31 U.S.C. §§ 1349, 1518, or criminal sanctions. *See id.* at §§ 1350, 1519. But the Motion does not establish diligence on the part of the United States—the underlying client. And it will not prevent this court from proceeding with the case as scheduled, whether counsel appears or not. Were a private business to voluntarily cease part of its operation, forbid its lawyers from appearing in court and then move to stay litigation on that ground alone, such a motion would be denied. Principles of neutral adjudication suggest that this request for a stay be similarly treated.

**IT IS THEREFORE ORDERED** that the Defendant United States of America's Motion to Stay (Doc. 19) is **DENIED**.

Dated this 11th day of January, 2019.

_____
G. Murray Snow
Chief United States District Judge